UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT G. MICHAEL,

       Plaintiff,

       v.

GAIL L. SIEMERS, JAMES LYLE
NAGLE, AND JOSEPH GOLDEN,

       Defendants.

No.  CV-12-5167-RHW

**ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY
JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
ADDRESSING REMAINING
MOTIONS**

     Before the Court are the parties' cross-motions for summary judgment: (1)
Defendant Gail L. Siemers' Motion for Summary Judgment, ECF No. 57; (2)
Defendants James L. Nagle and Joseph Golden's Motion for Summary Judgment,
ECF No. 62; and, (3) Plaintiff Robert G. Michael's Motion for Summary
Judgment, ECF No. 64. These motions were heard without oral argument. Plaintiff
Robert G. Michael proceeds *pro se* and *in forma pauperis*. [1] Defendant Siemers is
represented by Pamela J. DeVet, while Defendants Nagle and Golden are
represented by Paul L. Kirkpatrick. The Court is now fully informed, having

---

[1] Although Mr. Michael proceeds *pro se* in this matter, Attorney Rodney Reinbold
entered a special and limited appearance to assist Plaintiff with the preparation and
filing of several motions. *See* ECF No. 47. Further, Mr. Reinbold has filed a
Motion to Withdraw, pursuant to Local Rule 83.2(d)(4). ECF No. 75.

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S
MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 1**

reviewed all documents filed in support of, and in opposition to, each motion. For the reasons set forth below, the Court grants Defendants' Motions for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

### BACKGROUND

**A.    State Court Proceedings**

In April of 2006, Robert G. Michael ("Plaintiff" or "Mr. Michael"), a state prisoner incarcerated at Washington State Penitentiary, was charged in Walla Walla Superior Court with custodial assault on a prison staff member. On May 8, 2006, Gail L. Siemers ("Defendant Siemers" or "Ms. Siemers") was appointed to defend Mr. Michael, pursuant to a public defender contract with Walla Walla County. James Nagle ("Defendant Nagle" or "Mr. Nagle"), Prosecuting Attorney for Walla Walla County, then assigned Deputy Prosecutor Joseph M. Golden ("Defendant Golden" or "Mr. Golden") to Mr. Michael's case.

On May 5, 2006, prior to trial, Mr. Michael filed a public records request for a copy of prison security video footage of the area where the alleged assault occurred. The Department of Corrections responded, and forwarded a "use of force video," copied onto a DVD, to Ms. Siemers. However, Ms. Siemers was unable to play the DVD or view its contents, due to the disc not working properly – which she perceived was due to "formatting issues." Ms. Siemers then contacted the prosecutor's office and forwarded the non-working DVD to Mr. Nagle's office. Ms. Siemers did not receive the un-playable disc back from the prosecutor's office. Ms. Siemers is unaware of any video footage of the alleged assault having existed, except for the use of force video, which has since been provided to Mr. Michael through the recent course of collateral attacks on his state conviction. In addition, no DVD was introduced at trial.

Thereafter, client relations between Mr. Michael and Ms. Siemers deteriorated after she waived an omnibus hearing, allegedly without his consent.

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS \* 2**

Defendant then underwent a sanity evaluation, and a subsequent competency hearing, at Ms. Siemers' request. The trial court ultimately found Mr. Michael mentally competent and the case proceeded to trial. On the first day of trial, the superior court held a *Hartzog* hearing regarding trial security issues and whether Mr. Michael should remain shackled or be removed from the courtroom. Despite Mr. Michael's history of anger management issues, his assaultive past, and alleged threats to Ms. Siemers and other court staff – the trial Court concluded that Mr. Michel could remain at trial.

Thereafter, Mr. Michael unsuccessfully demanded new counsel and invoked his right to self-representation. He cited his concerns that Ms. Siemers had lied to him, failed to give him discovery, and had not told him of hearings. The trial judge denied Mr. Michael's requests, after which time he continually interrupted and argued with the court, and grew increasingly profane and belligerent. As a result, Mr. Michael was removed from the trial.

The case against Mr. Michael proceeded in his absence. The state called the victim Eugene Medutis, along with four other penitentiary employees who witnessed the assault. The defense rested without calling any witnesses. A jury then convicted Mr. Michael on one count of custodial assault on August 9, 2007. On October 31, 2007, Mr. Michael received a 43-month sentence, to run consecutive to his prior term of incarceration.

Ms. Siemers then concluded her representation of Mr. Michael after his sentencing. As was her custom, she destroyed all personal notes and work product, after the conclusion of the trial. On December 30, 2007, Mr. Michael asked Ms. Siemers to provide him with the contents of her client file, including the non-working DVD. However, Ms. Siemers did not respond, and in response Mr. Michael filed a grievance with the Washington State Bar Association ("WSBA") in 2008. Mr. Michael also appealed to the trial court and argued that Washington

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 3

Rule of Professional Conduct 1.16(d), and WSBA Formal Opinion 181 supported his request. The trial judge disagreed and denied Mr. Michaels motions to force Ms. Siemers to provide the requested materials. In addition, on May 6, 2008, Ms. Siemers responded to the WSBA grievance against her that she was unable to provide the defective DVD because she did not have it.

Mr. Michael appealed his conviction to the Washington Court of Appeals, Division III, which affirmed the judgment and sentence on Nov. 13, 2008. *See State v. Michael*, 147 Wash. App. 1025 (2008) (unpublished). The Washington Supreme Court then denied review on March 30, 2010. *See State v. Michael*, 168 Wash. 2d 1018 (2010). On direct appeal, the Court of Appeals dismissed Mr. Michael's allegations that he was entitled to discovery materials furnished to Ms. Siemers. *See State v. Michael*, 147 Wash. App. 1025 at * 3; ECF No. 60, Ex. 4 at 35.

Although several guards, including the victim, testified that Plaintiff struck Mr. Medutis with the shower room door and "came out swinging," -- Mr. Michael maintains his innocence and contends that Mr. Medutis attacked him and provoked him to act in self-defense. Mr. Michael also asserts the altercation occurred in a hallway area outside of Unit 8, not as alleged by the state, in the doorway to the showering facility. Mr. Michael is of the continued belief the assault was recorded by security cameras located in the hallway leading to the inmate shower facility.

Following his conviction and unsuccessful appeal, Mr. Michael filed a Personal Restraint Petition in the Washington Supreme Court, asserting, in part, his claim that the State withheld exculpatory videos of the custodial assault. The petition was then transferred to the Washington Court of Appeals, Division III. On March 7, 2012, Mr. Michael's petition was dismissed. Notably, the court addressed Mr. Michael's claim that the State failed to disclose potentially exculpatory video evidence of the assault and found:

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 4

[N]othing in the record indicates that any Department of Corrections videotape showing the *incident* exists, or ever did exist. Thus, Mr. Michael's allegations that a tape showing the incident would exculpate him are purely speculative and amount to mere self-serving assertions lacking in evidentiary support.

Kirkpatrick Aff., ECF No. 62-2, Ex. 2 at 19 (emphasis in original and footnote omitted).

Mr. Michael then filed a motion seeking discretionary review of the Court of Appeals' decision. On January 31, 2013, the Washington Supreme Court responded and directed the State to specifically respond to Mr. Michael's claim that an exculpatory video of the assault was withheld. The Commissioner noted "the State should clarify whether a surveillance video of the shower area or incident exists… [and] [i]f necessary, the State shall obtain a copy of the video from the Department of Corrections." *Id.* at Ex. 3 at 26.

The State responded that no video recordings of the assault by Mr. Michael existed, as there was no camera coverage on that part of the inmate unit. Mr. Nagle investigated and concluded, based in part on records requests from the Department of Corrections, that his office had no video recording of the assault on March 14, 2006, nor any video footage of the hallway adjoining the shower area of Unit 8 at Washington State Penitentiary.

Moreover, Mr. Nagle responded that he was unable to locate the DVD provided to his office by Ms. Siemers, including any video recordings requested by Mr. Michael showing his removal from his cell to the Penitentiary Clinic and then to segregation. However, Mr. Nagle later obtained and submitted video footage from the Department of Corrections showing Mr. Michael being "cuffed up" and transported away, after the assault. This "Use of Force" video footage was then submitted to the Washington Court of Appeals and Washington Supreme Court in conjunction with Mr. Michael's Personal Restraint Petition. Mr. Michael also

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 5**

received copies of the "Use of Force" video as part of the proceedings. A ruling from the Commissioner of the Washington Supreme Court remains pending. [2]

**B.    Federal Court Proceedings**

On August 10, 2012, Plaintiff filed this civil rights action in the Western District of Washington, pursuant to 42 U.S.C. § 1983. *See* Case No. CV-12-1354-RSM (W.D. Wash.), ECF No. 1-1. Plaintiff sued Defendants Siemers, Nagle, Golden, the presiding state trial judge, several Washington Supreme Court Justices, and judicial officers (in their individual and official capacities) and other state governmental entities. *Id.* at ¶¶ 5-10.

Plaintiff alleged that Defendant Siemers violated his due process rights by refusing to surrender his property, e.g., "the tampered with DVD," and the contents of his client file. *Id.* at 68. He also alleged Defendant Siemers deprived him of his constitutional rights to present a defense, confrontation, assistance of counsel, and a fair trial. *Id.* at ¶ 69. In addition, Plaintiff asserted numerous other state tort causes of action against Defendants Siemers, Nagle, Golden, the presiding state trial judge, and other judicial officers -- alleging they conspired against him to withhold what he refers to as exculpatory evidence. *Id.* at ¶¶ 70-76.5.

---

[2] In Defendants Nagle and Golden's response to Plaintiff's Motion for Summary Judgment, they argue the Court should stay or dismiss the federal court proceedings while the Washington Supreme Court considers Mr. Michael's Personal Restraint Petition, due to *Younger* abstention principles. *See* ECF No. 81 at 5. In reply, Mr. Michael responds that his Petition was denied on August 1, 2013. In any event, no party has submitted the Washington Supreme Court's ruling to the Court, although Mr. Michael admits he plans to file a Motion to Modify the Commissioner's ruling. ECF No. 92. The Court construes this issue in favor of Mr. Michael and declines Defendants' request to stay the proceedings, and proceeds to the merits of Plaintiff's claim for injunctive relief of Plaintiff's property, e.g., the non-working DVD.

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 6**

Finally, Plaintiff sought declaratory and injunctive relief "ordering defendants Siemers, Golden, Nagle to surrender to me immediately my property, the nonworking, tampered with DVD." *Id.* at ¶¶ 77-78.

On August 21, 2012, Magistrate Judge Brian A. Tsuchida, Western District of Washington, filed his Report and Recommendation ("R&R") and recommended dismissal of Plaintiff's claims, with prejudice, for failure to state a claim upon which relief can be granted. ECF No. 5 at 7. On November 29, 2012, the Hon. Ricardo S. Martinez, also of the Western District of Washington, adopted the R&R, in part. ECF No. 13. Judge Martinez concurred with Magistrate Tsuchida's analysis that the judicial officers, the State of Washington, and Walla Walla County were absolutely immune from suit and dismissed those claims without prejudice. *Id.* at 5.

As to Defendants Siemers, Nagle, and Golden, the court found they were also immune from § 1983 claims for damages, based on prosecutorial and public defender immunity, and dismissed the claims against them without prejudice. *Id.* at 5-6. However, Judge Martinez ruled that any potential qualified immunity for Defendants Siemers, Nagle and Golden did not shield them from Plaintiff's claims for injunctive relief. *Id.* at 6. The court also concluded that Plaintiff's remaining claims were procedurally barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) [3], to the extent he challenged the legality of his conviction based on asserted violations of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and the existence

_____

[3] Under the *Heck* rule, where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck*, 512 U.S. at 483-87.

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** \* 7

of exculpatory evidence. The court reasoned that "because the contents of the DVD are unknown, return of the DVD would not necessarily imply the invalidity of the criminal conviction." *Id.* at 6. Plaintiff's remaining claims for injunctive relief were then transferred to the Eastern District of Washington, as the remaining Defendants and Walla Walla State Penitentiary were located in the Eastern District of Washington. *Id.* at 7 (citing 28 U.S.C. §§ 1391, 1406).

Plaintiff then timely appealed Judge Martinez's order on December 19, 2012. *See* ECF No. 14. By order dated January 22, 2013, the Ninth Circuit dismissed the appeal, finding it lacked jurisdiction under Fed. R. Civ. P. 54(b), as the order challenged was non-final. ECF No. 16.

This Court directed service of the remaining claims for injunctive relief against Defendants Siemers, Golden, and Nagle on January 9, 2013. *See* Case No. CV-12-5167-RHW (E.D. Wash.), ECF No. 16. Plaintiff's complaint was re-docketed with this Court as ECF No. 29. Thereafter, the Court denied Plaintiff's Motion for Fed. R. Civ. P. 54(b) certification. ECF No. 35. The Court also granted Defendant Siemers Motions for Relief from Expert Disclosure Deadline and to Amend Answer. ECF Nos. 41, 43.

On June 21 and July 1, 2013, Defendant Siemers, Nagle, and Golden filed Motions for Summary Judgment, ECF No. 57, 62. Plaintiff responded in opposition, ECF Nos. 71-73. On August 1, 2013, Defendant Siemers submitted her reply. ECF No. 82.

ON July 5, 2013, Plaintiff filed a Motion for Summary Judgment, ECF No. 64. Defendants responded in opposition. ECF No. 78, 81. Plaintiff docketed his reply on September 4, 2013. ECF No. 95.

On July 15, 2013, the Court denied Plaintiff's Motion for Order Suspending Deadlines and Order for Leave to Amend Complaint. ECF No. 69.

ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 8

In addition, Plaintiff filed additional Motions to Equitably Toll Time Limits and to Extend Time to Reply. ECF Nos. 74, 86. The Court also notes that Attorney Rodney Reinbold filed a Motion to Withdraw as Attorney. ECF No. 75.

## LEGAL STANDARD

A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims[.]" *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). When parties file simultaneous cross-motions for summary judgment, the court must consider the materials identified and submitted in conjunction with both motions before ruling on either. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson*, 477 U.S. at 250. The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 9

showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). The non-moving party must present more than a scintilla of evidence in their favor to survive summary judgment. *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Pro se pleadings should be construed liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992). However, "conclusory allegations of official participation in civil rights violations are not sufficient to withstand [summary judgment]." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

///

///

///

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 10

**DISCUSSION**

In light of the prior Order issued by Judge Martinez, the only remaining claims [4] before the Court are Plaintiff's requests for injunctive relief. Specifically, Plaintiff seeks a preliminary and permanent injunction requiring Defendant Siemers, Golden, and Nagle to surrender his property, the non-working, tampered with DVD. *See* Complaint, ECF No. 29 at ¶ 78. In his motion for summary judgment, Plaintiff also requests the Court to order Ms. Siemers to surrender her client file, pursuant to Washington Rule of Professional Conduct ("RPC") 1.16(d). ECF No. 64 at 1. For the reasons set forth below, Plaintiff's remaining claims for injunctive relief are **denied**.

**A.    Claim regarding the DVD**

The first issue is whether Plaintiff is entitled to injunctive relief ordering Defendants Siemers, Nagle and Golden to turn over his property, e.g., the non-working "tampered" with DVD.

In regard to this issue, Defendants argue there is no genuine issue of material fact they are in possession of the DVD, and the relief Plaintiff seeks is impossible. ECF Nos. 57 at 10-20, and 62-1 at 2-8. Defendants also argue that any remaining claims are precluded by the doctrine of collateral estoppel and barred by the statute of limitations. *Id.* In addition to the foregoing arguments, Defendant Siemers also argues that individual claims against her under § 1983 fail as a matter of law as she is not a state actor; and that Plaintiff's conspiracy claims fail because they are not sufficiently pleaded. ECF Nos. 57 at 7-9, and 78 at 11-13.

Plaintiff argues there is a genuine issue of material fact regarding the failure of Defendants to surrender his property. ECF No. 73-1. He disputes whether

---

[4] In his Complaint, ECF No. 29 at 6, Plaintiff also asserted state law causes of action for Theft, Fraudulent Concealment, and Conversion. In light of Judge Martinez's prior order, those claims are not properly before the Court. ECF No. 13 at 6.

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 11**

Defendants are still in possession of the non-working disc. Plaintiff also continues to assert that Defendants have conspired to conceal or dispose of his non-working DVD (claiming it is exculpatory), and have exerted unauthorized control over his property. *Id.*

Plaintiff further argues that his § 1983 claims are not barred by the applicable three-year statute of limitations. Specifically, He reasons the limitations period is tolled, due to his mental disabilities, and that § 1983 claims that challenge the underlying conviction do not ripen until that conviction is overturned. ECF No. 73 at 7-8.

Plaintiff also asserts that his efforts to retrieve the DVD are not barred by collateral estoppel. Plaintiff argues the issues decided on direct appeal by the Washington Court of Appeals are not identical to those presented in this § 1983 action. Specifically, he argues: (1) the trial judge's decision denying his request to order Ms. Siemers to produce her client file, including the DVD, was not a final decision on the merits as the trial judge decided he had no jurisdiction to hear the issue, (2) the same is true of the Court of Appeals decision, which was decided on similar grounds, and (3) precluding litigation of this issue would work a "substantial injustice" in his case. *See* ECF Nos. 73 at 10-11, 73-1 at 8-9.

The Court proceeds to address the merits of Plaintiff's injunctive relief claim first, as it is dispositive -- there is no genuine issue of material fact as to whether the non-working DVD is in Defendants' possession. Here, viewing the evidence in the light most favorable to Plaintiff, the undisputed evidence shows that Defendants Siemers, Golden, and Nagle are not in possession of the non-working DVD. Thus, the Court agrees there is no genuine issue of material fact, and as a matter of law, it would be impossible for this Court to compel Defendants to turn over that which they do not possess.

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 12

The undisputed evidence is as follows:  In July of 2006, Defendant Siemers received a "Use of Force" DVD from the Department of Corrections, per Mr. Michael's request. ECF Nos. 59 at ¶¶ 4-6, and 80 at  ¶¶ 3-8; *See also* ECF No. 68, Ex. E at 27. However, Ms. Siemers was unable to play the DVD in the format it was delivered. ECF Nos. 59 at ¶¶ 4-6, and 80 at  ¶¶ 3-8. Consequently, Ms. Siemers contacted the prosecutor's office and returned the non-working disc to Mr. Nagle's office to be reformatted or put onto a usable disc. *Id.* Ms. Siemers, under penalty of perjury declared "I have not personally viewed any existing DVD, nor have I received the flawed DVD back from the prosecutor." ECF Nos. 59 at ¶ 5, and 80 at ¶ 8. Ms. Siemers stated "no DVD of the incident, as defined by Mr. Michael, exists that I know of." ECF No. 62-3 at 20. Finally, Ms. Siemers revealed that the only video in existence, the Use of Force Video, was obtained by Mr. Nagle's office and submitted to the state appellate courts during Mr. Michael's post-conviction proceedings. ECF No. 59 at ¶¶ 7-8.

Similarly, Defendants Nagle and Golden have submitted affidavits, under penalty of perjury, detailing their investigation into whether a video recording of the custodial assault on prison staff counselor Eugene Medutis existed. *See* Nagle Aff., ECF Nos. 62-3 at ¶¶ 3-6, and 62-3 at 5-6; Golden Aff., ECF No 62-3 at 15-16. However, Defendants Nagle and Golden determined no such video exists.  *See* Nagel Aff., ECF No. 62-3 at ¶ 3.

Furthermore, the only video currently in possession of the Defendants Nagle and Golden is a "use of force" video obtained from the Washington DOC and State Penitentiary, in connection with Plaintiff's Personal Restraint Petition filed in the Washington Supreme Court. *Id.* at ¶ 5 That video shows Plaintiff being "cuffed up" and transported away from his cell -- ***after*** the assault. *Id.* (emphasis added).

Finally, in an affidavit submitted to the Washington Supreme Court, Defendant Nagle was "unable to locate in this office any video recordings referred

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 13

to or requested by Robert Glenn Michael that would have been of his removal from his cell to the Penitentiary Clinic and then to segregation" after the assault. ECF No. 62-3 at 6; *see also* ECF No. 64-1 at 20 (noting that Mr. Nagle's office did not possess the "nonworking" DVD forwarded by Ms. Siemers). This conclusion is bolstered by the Washington DOC's Use of Force Report, which clearly stated the assault was not recorded because there was "no camera coverage of that part of the unit" and the only video in existence remained a "video of inmate removal only not of the assault." ECF No. 62-3 at 9.

Here, Mr. Michael has not submitted any evidence that would create a genuine issue of material fact as to whether the non-working DVD he seeks remains in the custody or control of Defendants Siemers, Nagle, or Golden. On a motion for summary judgment where "the factual context renders [the non-movant's] claim implausible . . ., [that party] must come forward with more persuasive evidence to support [its] claim than would otherwise be necessary" to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986).

Also, the nonmoving party must go beyond the pleadings to present affirmative evidence demonstrating that there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252. Further, as is the case here, Plaintiff's failure to support an essential element of his case necessarily renders all other facts immaterial and requires the district court to grant summary judgment for the Defendants. *Celotex,* 477 U.S. at 322–23.

Finally, the issue of whether the non-working DVD was "tampered with" is immaterial as to whether the DVD in question is still in the possession of the remaining Defendants. Thus, the Court declines to consider this argument. In addition, the Court need not reach Defendants' alternative arguments, as the undisputed facts show that Plaintiff is not entitled to the relief he seeks, and that

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** \* 14

Defendants are entitled to summary judgment as there is no genuine issue of material fact the DVD Plaintiff seeks is in their possession. Thus, on this issue, Defendants are entitled to judgment as a matter of law.

In sum, Plaintiff has failed to submit any evidence that the non-working DVD originally submitted to Ms. Siemers, and then transferred to Defendants Nagle and Golden, remains in their possession. Accordingly, the Court is unable to issue the injunctive relief Plaintiff seeks. *See also Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (denying injunctive relief where the actions required by defendants would be impossible to execute).

**B.    Claim regarding Mr. Michael's Client File**

Plaintiff has also requested an order requiring Defendant Siemers to turn over her client file, written or electronic. ECF No. 64. Similar to the analysis above, Ms. Siemers has declared that she has not retained any files (written or electronic) related to her representation of Mr. Michael. *See* Siemers Decl., ECF No. 59 at ¶¶ 9-10. Thus, Ms. Siemers file on Plaintiff's case no longer exists. *Id.* Plaintiff has submitted no evidence to contrary. Thus, his request for injunctive relief as to the contents of his client file is **denied**.

**C.    Ms. Siemers is not a State Actor under § 1983**

The Court also agrees that for the purposes of § 1983, Defendant Siemers is not a state actor. ECF No. 57 at 7. Thus, any remaining claims related to her representation of Mr. Michael involving the DVD or client file must fail as a matter of law.

To prevail on any § 1983 claim a plaintiff must prove that the defendant acted "under color" of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). When public defenders are acting in their role as an advocate, they are not state actors for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *see also Vermont v.*

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 15**

*Brillon*, 129 S. Ct. 1283, 1291 (2009) (assigned public defender is ordinarily not considered a state actor). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Brillon*, 129 S. Ct. at 1291; *Polk County*, 454 U.S. at 321. Where public defenders are performing administrative functions on behalf of the state, they may be acting under color of state law. *See Brillon*, 129 S. Ct. at 1291 n. 7; *Polk County*, 454 U.S. at 324-25;

Plaintiff responds that Ms. Siemers' file retention policy and her refusal to maintain client files for the client's use in post-conviction procedures is unconstitutional -- as it infringes on a client's right adequate and reasonable representation. ECF No. 73 at 4-6. Citing, *Branti v. Finkel*, 445 U.S. 507 (1980), Plaintiff likens Siemers' file retention policy to an administrative policy decision, which he argues is not the act of an attorney representing a single client. *Id.* at 6. Thus, Plaintiff asserts that Ms. Siemers should be subject to liability as a state actor under § 1983. *Id.*

Here, it is undisputed that Ms. Siemers was the public defender assigned to represent Mr. Michael on his state custodial assault charge. Siemers Decl., at ¶ 2; ECF No. 29 at 2. Furthermore, the Court finds her actions taken with regard to the DVD and her client retention policy, including her subsequent decision to not release the file to Mr. Michael, were undertaken in representation of Mr. Michael. As such, Mr. Michael cannot produce any evidence that her conduct affects the state, or that Ms. Siemers' actions were taken on behalf of the state, rather than her client. In the instant case, Ms. Siemers' actions are distinguishable from the public defender in *Branti*, who made office policy hiring decisions based on political beliefs. 445 U.S. at 519-20.  In sum, the Court finds Ms. Siemers is not a state

actor under § 1983 and Mr. Michael's claims for injunctive relief relating the DVD and client file fail as a matter of law on this alternative basis.

**D.    Claims regarding Conspiracy, Exculpatory Evidence, and Declaratory Relief are Barred by *Heck***

To the extent that any remaining claims regarding a conspiracy to withhold exculpatory evidence, tampering with evidence, or declaratory relief that Defendants violated Plaintiff's constitutional rights remain, the Court determines any such claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) (*"Heck"* ). This ruling is also in accord with Judge Martinez's prior ruling. ECF No. 13 at 6.

The Court finds that Plaintiff's remaining claims that challenge his conviction or otherwise implicate the validity of his conviction are not cognizable in this action. A plaintiff may not in a civil rights action challenge a conviction or seek release from confinement. As Mr. Michael well knows, habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks speedier release. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also* 28 U.S.C. § 2254

Further, in *Heck*, the United States Supreme Court held that, in order to pursue a claim for damages arising out of an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87. Therefore, *Heck* applies where "a judgment in the prisoner's favor necessarily implicates the validity of the prisoner's sentence." *Hill v. McDonough,* 547 U.S. 573, 580 (2006) (citation omitted).

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 17

Most importantly, the Court notes that *Heck* also applies to claims for declaratory or injunctive relief which necessarily implicate the validity of a conviction or sentence. *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or **equitable relief**) ... *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis added).

Therefore, Plaintiff cannot bypass the habeas remedy by arguing in a civil rights action that his conviction is invalid because of alleged violations of due process, *Brady,* etc. *See Skinner v. Switzer,* ──U.S. ──, ──, 131 S.Ct. 1289, 1300 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983") (citations omitted); *Heck,* 512 U.S. at 479, 490 (claim that prosecutors and police investigator destroyed exculpatory evidence could not be maintained under section 1983); *Turner v. Dumanis,* 415 Fed. App'x 831 (9th Cir.2011) (affirming dismissal of constitutional challenge to alleged destruction of DNA evidence under *Heck* ).

Plaintiff's claims challenging or implicating the validity of his conviction must be dismissed, without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir.1995) (declining to convert civil rights complaint barred by *Heck* into habeas petition; to do so might foreclose effective review of habeas claims not asserted in civil rights action).

Thus, to the extent that any of Plaintiff's claims regarding the withholding of exculpatory evidence, conspiracy, and declaratory relief involving violations of his constitutional rights remain -- they cannot survive the *Heck* bar, and are dismissed. The Court also notes that Mr. Michael plans to file a future habeas petition, challenging his state court convictions. *See* ECF Nos. 64-1 at 8, 95 at 1.

///

**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS** * 18

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Gail L. Siemers' Motion for Summary Judgment, ECF No. 57, is **GRANTED**, as set forth above.

2. Defendants James L. Nagle and Joseph Golden's Motion for Summary Judgment, ECF No. 62 is **GRANTED,** as set forth above.

3. Plaintiff Robert G. Michael's Motion for Summary Judgment, ECF No. 64, is **DENIED**.

4. Any remaining § 1983 claims regarding conspiracy, exculpatory evidence, and declaratory relief, if any, are **DISMISSED** as they are *Heck* barred, as set forth above.

5. Attorney Rodney Reinbold's Motion to Withdraw, ECF No. 75, is **GRANTED**. Pursuant to Local Rule 83.2(d)(4), the Court finds good cause exists to grant the motion.

6. Plaintiff's Motions for Equitable Tolling, ECF No. 74, and Motion to Extend Time to Reply, ECF No. 86, are **DENIED** as moot.

7. All pending hearing and deadlines are **VACATED**.

8. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, including Plaintiff and Attorney Rodney Reinbold, and **close the file**.

**DATED** this 27th day of September, 2013.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge


**ORDER GRANTING DEFS.' MOT. FOR SUMM. J. AND DENYING PL.'S MOT. FOR SUMM. J.; ADDRESSING REMAINING MOTIONS * 19**

q:\rhw\acivil\2012\michael\order msj.docx